UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JUAN OTERO,

    Plaintiff,

v.

MEDICREDIT, INC,

    Defendant.
_____/

## COMPLAINT

Plaintiff Juan Otero ("Plaintiff") files this Complaint against Defendant MediCredit, Inc. ("Defendant" or "MediCredit,") and alleges as follows:

## NATURE OF ACTION

1. Defendant violated the Telephone Consumer Protection Act and the Florida Consumer Collections Practices Act by placing hundreds of phone calls to Plaintiff's cellular phone using an automatic telephone dialing system or pre-recorded or artificial voice.

2. Plaintiff alleges a violation of Plaintiff's fundamental rights under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Defendant used an automatic telephone dialing system or pre-recorded or artificial voice ("automated dialing system") to repeatedly call Plaintiff's cellular phone, which is a per se violation of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

3. Plaintiff also alleges violations of the Florida Consumer Collection Practices Act ("FCCPA"). Fla. Stat. §§ 559.55-559.785.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. §227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls to Plaintiff in this District.

## PARTIES

5. Plaintiff Juan Otero is a natural person and citizen of the State of Florida, and a resident of Hardee County, Florida.

6. Defendant MediCredit is a debt collector with its principal place of business located in Columbia, Missouri.

## FACTUAL ALLEGATIONS

7. Plaintiff has a cellular telephone number that he has had for more than one year.

8. Plaintiff has only used this number as a cellular telephone number.

9. Beginning in April 2015, and continuing through August 2015, Defendant called Plaintiff on his cellular telephone dozens of times.

10. Defendant MediCredit's automated dialing system called Plaintiff's cellular phone numerous times on individual dates in an attempt to collect a purported debt from Plaintiff.

11. Before May 6, 2015, Plaintiff asked MediCredit to stop calling Plaintiff's cell phone.

12. During the time period of May 6, 2015 to August 6, 2015, MediCredit initiated at least thirty (30) calls to Plaintiff's cellular telephone using an automated dialing system.

13. Plaintiff did not at any time after May 6, 2015 give express consent to MediCredit to call Plaintiff's cell phone using an automatic telephone dialing system or pre-recorded or artificial voice.

14. Defendant's initiation of these phone calls to Plaintiff, using an automatic telephone dialing system or a pre-recorded or artificial voice, is a per se violation of the TCPA.

15. Defendant's continued calling of Plaintiff's cellular phone after being specifically instructed to stop was a willful and/or knowing violation of the TCPA.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

18. Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

19. Defendant knowingly and intentionally violated the TCPA by placing phone calls to Plaintiff's cellular phone using an automatic telephone dialing system or pre-recorded or artificial voice after being instructed to stop.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. A declaration that Defendant's calls violate the TCPA;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d. Such other or further relief as the Court deems proper.

**COUNT II**
**VIOLATIONS OF FLORIDA CONSUMER PROTECTION PRACTICES ACT**

20.  Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

21.  This is an action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA). Fla. Stat. §§ 559.55-559.785.

22.  The volume and frequency of phone calls initiated by Defendant to Plaintiff's cellular phone could reasonably be expected to, and did, harass Plaintiff.

23.  Defendant's initiation of a substantial volume of phone calls to Plaintiff's cell phone, initiated during working hours, and even after Plaintiff specifically instructed Defendant to stop calling her during work hours, could reasonably be expected to, and did, harass Plaintiff.

24.  Defendant's actions constitute harassment and abuse of the Plaintiff given the amount of communications with Plaintiff after she told the caller to specifically stop calling. Fla. Stat. § 559.72(7).

25.  Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against Defendant and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. Fla. Stat. § 559.77(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant for damages, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 24, 2015            Respectfully submitted,

                                            */s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

*Attorney for Plaintiff*